## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FRANCISCO MICHAEL MOFFA,

                Plaintiff,

     v.

JANET YELLEN, et al.,

                Defendants.

CIVIL ACTION NO. 1:22-CV-00565

(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is a complaint filed by *pro se* prisoner-Plaintiff Francisco Michael Moffa ("Moffa") on April 18, 2022, against Defendants Janet Yellen, the United States Secretary of the Treasury; Charles Rettig, the United States Commissioner of Internal Revenue; and Steven Mnuchin, the Former United States Secretary of the Treasury (collectively, "Defendants"). (Doc. 1, at 1). In the complaint, Moffa presents a series of facts pertaining to the economic impact payments that were issued by the United States Treasury due to the COVID-19 pandemic. (Doc. 1, at 1-3). Moffa seeks on order directing the Internal Revenue Service ("IRS") to issue three economic impact payments into his bank account. (Doc. 1, at 3). At the time he filed his complaint, Moffa was incarcerated at the Dauphin County Prison located in Harrisburg, Pennsylvania in Dauphin County. (Doc. 1, at 1).

The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). (Doc. 1). The Court finds that it lacks jurisdiction to hear the complaint, however Moffa shall be granted leave to file an amended complaint. (Doc. 1).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Moffa, proceeding *pro se*, initiated the instant action by filing a complaint on April 18, 2022. (Doc. 1). On the same date, Moffa filed a motion for leave to proceed *in forma pauperis* and a prison trust fund account statement.[1] (Doc. 6; Doc. 7). In his complaint, Moffa alleges issues in obtaining his economic impact payments. (Doc. 1, at 2-3). Moffa states that he had previously filed the proper paperwork to receive his economic impact payments and his mother, who possesses power of attorney, received a payment for $1,400 as Moffa has been incarcerated since April 2018. (Doc. 1,a t 2-3). Moffa's mother attempted to cash the check but was unable to do so and was instructed by an IRS representative to write void on the check and send it to the return address in Austin, TX. (Doc. 1, at 3). Moffa sent numerous letters to the IRS requesting that they reissue the payment and any other payments to his bank account. (Doc. 1, at 3). Moffa received a letter directing him to file an income tax form listing the $1,400 as a recovery rebate and has "heard nothing back." (Doc. 1, at 3). Moffa seeks an order directing the IRS to issue the three economic impact payments into his bank account. (Doc. 1, at 3).

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar

---

[1] This Court grants Moffa's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Moffa is suing government officials and seeks to proceed *in forma pauperis*, both provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded

complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

   With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

   Although not explicitly stated, it appears that Moffa filed this action pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") as he seeks economic impact payments and discusses one payment was distributed in 2021 for $1,400. (Doc. 1, at 2-3). Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act was signed into law on March 27, 2020, as part of the Government's response to the 2020 coronavirus

pandemic. Section 2201 of the statute created a "recovery rebate," structured as a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428. The tax credit was treated as an "advance refund," meaning qualified individuals would directly receive the rebate as an economic impact payment or so-called "stimulus check." 26 U.S.C. § 6428(f). The CARES Act directs the Secretary of the Treasury to issue the credit "as rapidly as possible" and specifies that no impact payment "shall be made or allowed" after December 31, 2020. 26 U.S.C. § 6428(f)(3)(A). In essentially identical language, the Consolidated Appropriations Act of 2021 ("CAA") authorized a second tax credit of $600, which was also authorized to be paid as an economic impact payment. 26 U.S.C. § 6428A(a), (f). Congress again directed the Secretary to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed . . . after January 15, 2021." 26 U.S.C. § 6428A(f)(3)(A)(i)–(ii). A final tax credit of $1,400 was authorized under the same circumstances and indicated that "[n]o refund of credit shall be made or allowed . . . after December 31, 2021." 26 U.S.C. § 6428B(b), (g)(3). It appears that Moffa seeks a belated stimulus payment.

First, Moffa names members of the United States Department of Treasury and the IRS as Defendants in this case. (Doc. 1, at 2). Thus, the Court must address whether the United States has waived sovereign immunity for claims brought under the CARES Act. At this stage of the proceedings, the Court will assume that the United States has waived sovereign immunity for claims brought under the CARES Act. *See Graham v. Dep't of the Treasury Internal Revenue Serv.,* No. 21-CV-1411, 2021 WL 5356784, at *2 (E.D. Pa. Nov. 17, 2021); *see also Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021); *Amandor, et al. v. Mnuchin*, 476 F. Supp. 3d 125, 141-45 (D. Md. Aug. 5, 2020); *R.V. v. Mnuchin*, Civ. A. No. 20-1148, 2020 WL 3402300, at *5-*7 (D. Md. June 19, 2020).

Next, the Court assesses "whether a person seeking payment under the CARES Act must exhaust administrative remedies by first filing a claim for a refund with the IRS pursuant to 26 U.S.C. § 7422." *Graham*, 2021 WL 5356784, at *2. Courts have rejected the argument that a refund action is a necessary prerequisite to bringing claims under the CARES Act stating, "[b]y its plain language, § 7422(a) does not apply here because [a claim seeking an advance refund stimulus payment] is not a suit for any tax, penalty, or sum wrongfully collected." *R.V.,* 2020 WL 3402300, at *7; *King v. Burwell*, 759 F.3d 358, 366–67 (4th Cir. 2014) *aff'd* 135 S. Ct. 2480 (2015) ("Section 7422(a) does not allow for prospective relief. Instead, it bars [absent exhaustion] suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected."); *see also Amandor*, 476 F. Supp. 3d at 143-44 (internal quotations and citations omitted) (noting that requiring the exhaustion of administrative remedies before proceeding with a CARES Act claim "would be an arduous, expensive, and long process [and] at odds with the very purpose of the impact payments"); *Graham*, 2021 WL 5356784, at *2. However, Courts have also stated that claims seeking an economic impact payment tax refund pursuant to 26 U.S.C. § 7422 require administrative exhaustion. *See Davis v. IRS,* No. 21-CV-4728, 2022 WL 612718, at *5 (E.D. Pa. Mar. 1, 2022) (citing *Morton v. United States Virgin Islands*, No. 21-1292, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021); *United States v. Williams,* 514 U.S. 527, 533 (1995); *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008) (a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS before filing suit in federal court for credit or refund of overpaid taxes)).

In *Graham*, the Eastern District Court stated that it would "assume without deciding that no exhaustion is required since [the plaintiff was] not challenging an 'internal revenue

tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected.'" 2021 WL 5356784, at *2. Although unclear, the Court construes Moffa's complaint as seeking an advanced refund stimulus payment as he discusses a check that was issued to him and requests the IRS to issue the economic impact payments into his bank account. (Doc. 1, at 2-3). Further, Moffa does not claim that he filed a tax return or is seeking a refund that was wrongfully withheld. Thus, the Court declines to address exhaustion at this time and instead turns to whether Moffa lacks standing to bring his claim.

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" Massachusetts v. EPA, 549 U.S. 497, 515 (2007). To satisfy these constitutional standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 180-81 (2000) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Moffa fails to allege facts that he has suffered an actual or imminent injury in fact. To satisfy this requirement, a plaintiff must plausibly allege "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016); (quoting Lujan, 504 U.S. at 560). Moffa has not established that he has suffered an injury or will suffer an imminent injury if the Court does not address his claims because the CARES Act did not grant an eligible

individual a right to an immediate economic impact payment. Instead, the statute permits a recovery rebate to be made by advance refund, tax credit, or a combination of the two. *Graham*, 2021 WL 5356784, at *3 (citing 26 U.S.C. § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly *as possible*.") (emphasis added)).

As Moffa states that he is "entitled [to] economic impact payments" and that he received a $1,400 payment in 2021, he has alleged that he is eligible for such payments under the CARES Act. (Doc. 1, at 2-3). However, "his claim to an economic impact payment would not be infringed upon unless and until he files his [relevant] tax return and is denied the payment by the IRS." *Graham*, 2021 WL 5356784, at *3. Here, Moffa alleges that he was issued a check, returned the check as void, and received a response from the IRS to file a tax return. (Doc. 1, at 3). Moffa does not indicate whether he abided by the IRS's direction and filed his tax returns. Moffa further states that he would like his economic impact payments paid directly to his bank account as he "sent [his last payment] back [and is] requesting another form of payment into [his bank account]." (Doc. 1, at 3). It appears that Moffa simply does not like the way that the IRS provided him with his economic impact payment or the options the IRS provided him to recover such payments and seeks an alternative method. Thus, because Moffa has not alleged "an invasion of a legally protected interest" that is actual or imminent, it is recommended that his claims be dismissed without prejudice. *See Graham*, 2021 WL 5356784, at *3 (quoting *Spokeo, Inc.*, 578 U.S. at 339); *see also Hudson*, 2021 WL 5782471, at *3 ("[Plaintiff's] claim to an economic impact payment would not be infringed unless and until he files his 2020 tax return and his claim is denied payment by the IRS. No such deprivation occurs simply because he did not receive an advance refund.").

Finally, even if Moffa could demonstrate that he was eligible to receive the three economic impact payments, rather than credits on income taxes, Moffa would not be entitled to the relief he seeks. *See Hudson*, 2021 WL 5782471, at *3. As previously indicated, all three statutes permitting economic impact payments impose deadlines for issuance on December 31, 2020; January 15, 2021; and December 31, 2021. *See* 26 U.S.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A), 6428B(g)(3). All three of these deadlines passed before Moffa filed his complaint on April 18, 2022. (Doc. 1). Thus, in so far as Moffa seeks payment in the form of an advanced economic impact payment his request for relief is moot. *See Hudson*, 2021 WL 5782471, at *3; *see also Clay v. Dep't of Treasury*, No. 21-cv-08132, 2021 WL 5494274, at *3 (N.D. Cal. Nov. 23, 2021); *Breton. v. Mnuchin I.R.S.*, No. 3:21-cv-718, 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021); *Blankenship v. Dep't of Treasury, I.R.S.*, No. 1:21-cv-581, 2021 WL 4819595, at *4 (E.D. Cal. Oct. 15, 2021).

## IV.  LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Moffa has failed to allege that he suffered an injury in fact and subsequently lacks standing to pursue his claims. *See Friends of the Earth*, 528 U.S. at 180-81. The Court lacks jurisdiction to hear Moffa's complaint regarding his advanced refund. *See Graham*, 2021 WL 5356784, at *3; *see also Schaller v. United States Soc. Sec. Admin.*, 844 F. App'x 566, 573 (3d Cir.

2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal ... should [be] without prejudice.") (citing *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020)). However, Moffa's complaint discusses the IRS's direction to file an income tax form. (Doc. 1, at 3). Moffa does not state if he filed an income tax form and if he is seeking a refund that was wrongfully withheld. (Doc. 1, at 3). Thus, the Court will grant Moffa leave to amend his complaint to clarify whether he has properly filed the necessary tax returns. *See Davis*, 2022 WL 612718, at *5. Further, if Moffa has filed the necessary tax returns and was not provided with the applicable refunds, he must express whether he exhausted his administrative remedies by filing an administrative claim. *See Davis*, 2022 WL 612718, at *5.

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Moffa is advised to follow each claim with a corresponding good-faith request for relief. Moffa must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

V.   **CONCLUSION**

For these reasons, Moffa's complaint fails to state a claim upon which relief can be granted. (Doc. 1). However, the Court grants Moffa leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before Wednesday, October 12, 2022.


**Dated: September 12, 2022**                     s/ *Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **Chief United States Magistrate Judge**